UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346-027,

        Plaintiff,

v.

        CASE NO. 2:09-CV-10166
        HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

        Defendants.
_____/

## OPINION AND ORDER DISMISSING COMPLAINT, DENYING MOTIONS, AND CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I.**

The Court has before it Plaintiff Bruno Choiniere's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), as well as his motions for appointment of counsel, for issuance of a court official notice to defendants. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a).

Plaintiff is a federal inmate currently confined at the Federal Correctional Institution in Milan, Michigan. In his complaint, Plaintiff challenges the administrative and criminal proceedings that resulted in his convictions for health care billing fraud, fraudulent concealment of overpayment of health care benefits, and money laundering. *See United States v. Choiniere*, 517 F.3d 967 (7th Cir. 2008) (affirming convictions and sentence); *see also Choiniere v. United States*, Nos. 3:07-CV-27 RM, 3:05-CR-56 (N.D. Ind. Jan. 14, 2009) (denying petition brought

1

under 28 U.S.C. § 2255). He alleges that the defendants, which include Managed Health Services, several federal investigators, a federal prosecutor, a federal district judge, the Department of Health and Human Services, the Department of Justice, a medical clinic, and an attorney, have violated federal laws and deprived him of his constitutional rights. Plaintiff seeks monetary damages and other relief.

## II.

Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under the color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil

rights complaint is to be construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988).  Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A for failure to state a claim upon which relief may be granted.

In his complaint, Plaintiff challenges the administrative and criminal proceedings that have resulted in his current confinement.  A claim under 42 U.S.C. § 1983 and/or *Bivens* is an appropriate remedy for a prisoner challenging a condition of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Plaintiff, however, is actually seeking habeas corpus relief, inasmuch as his claims address the actions underlying his criminal convictions.  Ruling on the claims raised would necessarily imply the invalidity of his continued confinement.  Such claims are not properly brought under § 1983 or *Bivens*.  *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *Robinson v. Jones*, 142 F.3d 905, 906-07 (6th Cir. 1998) (*Heck* applies to *Bivens* actions as well as claims under § 1983).  This holds true regardless of the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487-89.  Given

that Plaintiff challenges the circumstances underlying his confinement, his civil rights complaint must be dismissed.[1]

### IV.

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted in his complaint. Accordingly, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. Given this determination, the Court further **DENIES** Plaintiff's motions for appointment of counsel and for issuance of a court official notice to defendants.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 27, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on January 27, 2009.

s/Carol A. Pinegar
Deputy Clerk

---

[1]The Court notes that the United States District Court for the District of Columbia has similarly dismissed a similar complaint. *See Choiniere v. Secretary of Dept. of Health & Human Svs., et al.*, No. 08-CV-00933-UNA (May 15, 2008).