UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346-027,

       Plaintiff,

                                                                         CASE NO. 2:09-CV-10166
v.                                                       HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

       Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTIONS [DKT #12 AND #14]

Before the Court are Plaintiff's motion for action [Dkt. #12] and his motion for extension of time [Dkt. #14] concerning the Court's summary dismissal of his civil rights complaint, brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Court's subsequent denial of his motion for reconsideration. The Court dismissed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. Plaintiff is now concerned that the Court did not receive all of the documents pertinent to his complaint and he essentially seeks reversal of the Court's decisions dismissing his complaint and denying reconsideration so that he may proceed on his claims.

As an initial matter, the Court notes that it has received, filed, and considered all of the documents relevant to this case, including the lengthy attachments filed with Plaintiff's motion for reconsideration. There is no indication that prison officials interfered with his legal mail. Plaintiff need not file additional copies of his pleadings.

Second, the Court confirms that it properly dismissed Plaintiff's civil rights complaint for failure to state a claim upon which relief may be granted based upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), such that Plaintiff is not entitled to relief under Federal Rule of Civil Procedure 59(e).  As noted in the Court's prior order denying reconsideration, a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

Further, even if the Court considers Plaintiff's motion as one brought pursuant to Federal Rule of Civil Procedure 60(b), he is not entitled to relief.  Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.  Fed. R. Civ. P. 60(b).  Plaintiff has made no such showing.  His civil rights complaint was properly dismissed for failure to state a claim upon which relief may be granted.

2

Lastly, to the extent that Plaintiff may be seeking to cure a perceived defect in his initial pleadings, his motions must be denied given the Court's dismissal of his civil rights complaint. The Court may not permit Plaintiff to amend his complaint to defeat summary dismissal. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Clayton v. United States Dep't. of Justice, et al.*, 136 Fed. Appx. 840, 842 (6th Cir. 2005).

For the reasons stated, the Court concludes that Plaintiff's motions for action and for extension of time should be denied as he is not entitled to the underlying requested relief. Accordingly, Plaintiff's motions [Dkt. #12 and #14] are **DENIED**. This case is closed. No further pleadings should be filed in this matter.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: February 24, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on February 24, 2009.

s/Carol A. Pinegar
Deputy Clerk