UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346-027,

       Plaintiff,

                                CASE NO. 2:09-CV-10166
v.                                                 HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

       Defendants.
_____/

**ORDER DENYING MOTIONS TO DISQUALIFY, FOR RELIEF FROM
SUMMARY DISMISSAL, AND FOR LEAVE TO AMEND.**

      Before the Court is Plaintiff's motion seeking to disqualify the district judge in this case, seeking relief from summary dismissal, and seeking leave to amend his complaint. The Court has dismissed Plaintiff's civil rights complaint for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court has also denied reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g)(3) and denied relief from judgment under Federal Rule of Civil Procedure 60(b). This matter is closed.

      Recusal of a district judge is governed by 28 U.S.C. § 455 which, in relevant part, provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994). This standard is objective and is not based upon the subjective view of the party seeking recusal. *United States v. Dandy*, 998 F.3d

1

1344, 1349 (6th Cir. 1993). Plaintiff alleges bias based upon the Court's resolution of his civil rights complaint. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiff has pointed to nothing in the Court's handling of his case or the Court's rulings which demonstrate such a deep-seated antagonism. He has thus failed to establish that a reasonable person would find that bias exists or to otherwise allege facts to support his motion for disqualification. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003). Accordingly, Plaintiff's motion for disqualification is **DENIED**.

Plaintiff is also not entitled to relief from judgment under Federal Rule of Civil Procedure 60(b). Under that rule, a district court may grant relief from a final judgment or order only upon a showing of one of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). As discussed in the Court's previous orders denying Plaintiff's requests for reconsideration/relief from judgment, his civil rights complaint was properly dismissed for failure to state a claim upon which relief may be granted. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Accordingly, Plaintiff's motion for relief from summary dismissal is **DENIED**.

Lastly, the Court again notes that it may not permit Plaintiff to amend his original complaint to defeat summary dismissal.  *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Clayton v. United States Dep't. of Justice, et al.*, 136 Fed. Appx. 840, 842 (6th Cir. 2005).  To the extent that Plaintiff seeks to bring claims against Judge Robert L. Miller, Jr. concerning the denial of his § 2255 motion, he must file a new complaint in a court with proper jurisdiction.  Accordingly, Plaintiff's motion for leave to amend his complaint is **DENIED**.

This case is closed.  Any further pleadings filed in this matter shall be stricken.

**IT IS SO ORDERED.**

                                                                s/Victoria A. Roberts
                                                                Victoria A. Roberts
                                                                United States District Judge

Dated:  March 18, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on March 18, 2009.

s/Linda Vertriest
Deputy Clerk