UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346-027,

       Plaintiff,

                                               CASE NO. 2:09-CV-10166
v.                                          HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S SECOND MOTION TO DISQUALIFY**

      Before the Court is Plaintiff's second motion to disqualify this district judge relative to the Court's summary dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  The Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted.  The Court has since denied reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g)(3), denied relief from judgment under Federal Rule of Civil Procedure 60(b), and denied Plaintiff's motion to disqualify this judge under 28 U.S.C. § 455 and to amend his complaint to add claims against a new defendant.  Plaintiff essentially seeks reconsideration of the Court's disqualification order.

      However, a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  Plaintiff has not met his burden of showing a palpable defect by which

the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). The Court properly dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Additionally, the Court properly denied Plaintiff's post-dismissal motion to amend his complaint to bring claims against Judge Robert L. Miller, Jr. concerning the denial of his § 2255 motion. In his present motion, Plaintiff states that he also seeks to add this Judge as a defendant in his complaint. An amendment is not "the proper method to raise these separate, new causes of action." *Carlton v. Baird*, 72 Fed. Appx. 367, 369 (6th Cir. 2003) (citing *Planned Parenthood of S. Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). Prisoners may not alter or amend their complaints to avoid summary dismissal. *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (ruling that the failure to exhaust under the PLRA is an affirmative defense, prisoners are not required to plead exhaustion, and compliance with the exhaustion requirement as to some, but not all, claims does not warrant dismissal of entire complaint); *Benson v. O'Brian*, 179 F.3d 1014, 1015-16 (6th Cir. 1999); *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997). Moreover, any such amendments would be futile. A judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously or corruptly). Absolute immunity in a *Bivens* action against a federal judge has been extended to requests for injunctive or equitable relief. *See Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000));

*Taylor v. Roberts*, No. 06-10846, 2006 WL 752764, *1 (E.D. Mich. March 20, 2006); *see also* 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable").

Lastly, the Court properly denied Plaintiff's motion for disqualification of this Judge under 28 U.S.C. § 455(a). Furthermore, disqualification is not required under § 455(b)(5)(i) given that this Judge was not a party to the original complaint, which was properly dismissed, and amendment of that complaint is precluded. *See* discussion *supra.*

Accordingly,

**IT IS ORDERED** that Plaintiff's motion is **DENIED**. This case is closed. Further pleadings filed in this matter may be stricken.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 30, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on March 30, 2009.

s/Carol A. Pinegar
Deputy Clerk