UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUNO CHOINIERE, #08346-027,

       Plaintiff,

                                                CASE NO. 2:09-CV-10166
v.                                           HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S SUCCESSIVE MOTION
FOR RELIEF FROM JUDGMENT AND RELATED AMENDMENT**

      Before the Court is Plaintiff's successive motion for relief from judgment and a related amendment to that motion under Federal Rule of Civil Procedure 60(b)(1) concerning the Court's summary dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. The Court has since denied reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g)(3), denied relief from judgment under Federal Rule of Civil Procedure 60(b), and denied Plaintiff's motions to disqualify this judge under 28 U.S.C. § 455 and to amend his complaint to add claims against a new defendant. Plaintiff again seeks reconsideration of the Court's dismissal decision.

      However, a motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff has not met his burden of showing a palpable defect by which

1

the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). The Court properly dismissed Plaintiff's original complaint for failure to state a claim upon which relief may be granted. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff is also not entitled to relief under Federal Rule of Civil Procedure 60(b)(1). Under that rule, a district court may grant relief from a final judgment or order only upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Plaintiff first asserts that he should be allowed to proceed on Claim #18 of his original complaint, involving allegations against United States District Judge Allen Sharp, because he believes that Judge Sharp acted without subject matter jurisdiction in his criminal proceedings. Plaintiff's complaint, however, is nonetheless barred by *Heck, supra*, because granting him relief on his claims against Judge Sharp would necessarily invalidate his current confinement. The Court did not err in dismissing the complaint. Plaintiff is not entitled to relief from judgment on this basis.

The Court also notes that, contrary to Plaintiff's assertion, Judge Sharp is entitled to absolute immunity. It is well-settled that a judge performing judicial functions is absolutely immune from a suit seeking monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously or corruptly or in excess of jurisdiction); *Stump v. Sparkman*, 435 U.S. 349, 355-60 (1978). Additionally, absolute immunity in a *Bivens* action against a federal judge has been extended to requests for injunctive or equitable relief. *See Kipen v. Lawson*, 57 Fed. Appx. 691 (6th Cir. 2003) (citing *Bolin v. Story*, 225 F.3d 1234, 1240-42 (11th Cir. 2000)); *Taylor v. Roberts*, No. 06-10846, 2006 WL 752764, *1 (E.D. Mich. March 20, 2006); *see also*

42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable").  Judge Sharp was acting in a judicial capacity, not an administrative one, when he presided over Plaintiff's case.  Moreover, it cannot be said that Judge Sharp acted in the clear absence of all jurisdiction.  Plaintiff is not entitled to relief from judgment.

Plaintiff also asserts that he should be allowed to proceed on Claim #20 of his original complaint because he can raise a Paperwork Reduction Act claim at any time during any judicial action under 44 U.S.C. § 3512.  However, while the Paperwork Reduction Act provides for a defense to administrative or judicial enforcement actions at any time during such proceedings, it does not create a private cause of action for alleged violations of the statute.  *See* 44 U.S.C. § 3512; *Smith v. United States*, No. 09-10288, 2008 WL 5069783, *1 (5th Cir. Dec. 2, 2008); *Springer v. I.R.S. ex rel. U.S.*, 231 Fed. Appx. 793, 800 (10th Cir. 2007); *Teledyne, Inc. v. United States*, 50 Fed. Cl. 155, 190 (2001); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 844 (9th Cir. 1999).  Plaintiff has thus failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 as to this issue.  He is not entitled to relief from judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion and amendment [Dkt. #20, 21] are **DENIED**.  This case is closed.  Further pleadings filed in this matter may be stricken.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  April 15, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on April 15, 2009.

s/Carol A. Pinegar
Deputy Clerk