UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BRUNO CHOINIERE, #08346-027,

        Plaintiff,

                                        CASE NO. 2:09-CV-10166
v.                                  HONORABLE VICTORIA A. ROBERTS

MANAGED HEALTH SERVICES, et al.,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S THIRD MOTION FOR RELIEF FROM JUDGMENT

Before the Court is Plaintiff's third motion for relief from judgment under Federal Rule of Civil Procedure 60(b) concerning the Court's summary dismissal of his civil rights complaint brought pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted in January, 2009. The Court has since denied reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 7.1(g)(3), denied relief from judgment under Federal Rule of Civil Procedure 60(b), denied motions to disqualify this judge under 28 U.S.C. § 455 and to amend the complaint, and denied a successive motion for relief from judgment and related amendment. The last such order was issued in April, 2009. Plaintiff now asserts that he is entitled to relief from judgment under Rule 60(b)(4) claiming that the Court's orders are void because they were not properly served upon him under Federal Rule of Civil Procedure 5(b).

Plaintiff is not entitled to relief from judgment. Under Federal Rule of Civil Procedure 60(b)(4), a district court may grant relief from a final judgment or order only upon a showing

1

that the judgment is void.  Fed. R. Civ. P. 60(b)(4).  Plaintiff has not shown that the Court's judgment is void.  He has also not shown that the Court failed to properly serve him with copies of its orders.  The Court mailed the orders to Plaintiff's last known address, the Federal Correctional Institution in Milan, Michigan, in compliance with Rule 5(b) and service was complete upon mailing.  Fed. R. Civ. P. 5(b)(2)(C).  Plaintiff's pleadings clearly indicate that he received copies of the Court's orders.  Moreover, even if there was an error in service, such an error would not render the Court's judgment void.  Plaintiff is not entitled to relief from judgment.

Plaintiff also requests a refund of the $350.00 filing fee for this case.  Under the Prison Litigation Reform Act ("PLRA"), a prisoner who qualifies to proceed *in forma pauperis* in a civil rights action is still liable for the civil action filing fee and must pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b).  The PLRA does not allow any exemptions to the requirement that an indigent prisoner pay the filing fee over time.  *See White v. Paskiewicz*, 89 Fed. Appx. 582, 584 (6th Cir. 2004) (citing *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1133-34 (6th Cir.1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)).  Plaintiff is liable for the full filing fee, to be paid in installments, even though his case was dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion [Dkt. #23] is **DENIED**.  This case is closed.  Plaintiff is hereby notified that further pleadings filed in this case will be stricken and not reviewed by the Court.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 16, 2009

2

The undersigned certifies that a copy of this document was served on the attorneys of record and Bruno Choiniere by electronic means or U.S. Mail on November 16, 2009.

s/Carol A. Pinegar
Deputy Clerk